```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

Danielle Behr,                  :

       Plaintiff,          :

   v.                           :           Case No. 2:13-cv-378

                                        :           JUDGE MICHAEL H. WATSON
Aaron Behr,                                 Magistrate Judge Kemp
                                        :

       Defendant.

<u>REPORT AND RECOMMENDATION</u>

Plaintiff, Danielle Behr, a non-prisoner *pro se* litigant, filed this action asking for leave to proceed *in forma pauperis*. Ms. Behr qualifies financially for *in forma pauperis* status, so her motion for leave to proceed (Doc. 1) is granted. However, the Court will recommend that Ms. Behr's filing, construed as a complaint, be dismissed as frivolous and for failure to state a claim.

I.

Initially, the Court notes that Ms. Behr's filing appears to involve allegations relating to events in Richland County, Ohio. Further, it appears from the civil cover sheet that the named defendant, Aaron Behr, is a resident of Richland County, Ohio. Venue is proper only in the judicial district where the defendant resides, or in which the claim arose. 28 U.S.C. §1391(b). In this case, because Richland County is located in the Northern District of Ohio, it would appear that venue is not proper in this District. Under typical circumstances, a district court has the discretion to dismiss the case without prejudice to refiling in the proper district or to transfer it to the proper district. 28 U.S.C. §1406(a). However, a case may be dismissed pursuant to 28 U.S.C. §1915(e) where the claims are frivolous because a transfer to the proper district would not be in the interest of

justice. Fish v. Murphy, 22 Fed.Appx. 480, 481-82 (6th Cir. 2001); see also Caldwell v. Medical Council of California, 113 F.3d 1234 (6th Cir. 1997)(table); Colston v. Matthews, 2008 WL 1902211 (E.D. Mich. April 29, 2008). Because, as set forth below, the Court will recommend that this case be dismissed as frivolous and for failure to state a claim, the Court declines to transfer this case to the Northern District of Ohio.

II.

28 U.S.C. §1915(e)(2) provides that in proceedings in forma pauperis, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Pro se complaints are to be construed liberally in favor of the pro se party. See Haines v. Kerner, 404 U.S. 519 (1972). The Court is required to review Ms. Behr's filing under these standards.

II.

-2-

The first issue raised by Ms. Behr's filing is whether it sets forth a valid basis for the Court to adjudicate her claims. Federal courts are courts of limited jurisdiction. <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994). Accordingly, if subject matter jurisdiction does not exist, a federal court cannot adjudicate the action. <u>Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 702 (1982). Ms. Behr's complaint does not contain a short and plain statement of the grounds for jurisdiction as required by the federal rules of pleading. <u>See</u> Fed.R.Civ.P. 8(a)(1). The Court notes, however, that on her civil cover sheet, Ms. Behr has indicated that she is bringing a civil rights action. In light of this, and keeping in mind the liberal construction afforded a pro se plaintiff's pleading, it may be that Ms. Behr intends federal question jurisdiction as the basis for her complaint.

Ms. Behr's filing appears to relate to some action taken by the Richland County Court of Common Pleas through which she contends she was denied due process of law and equal protection of the law, and that she suffered gender discrimination. Beyond her bare statement to this effect on the page of her document captioned as "Files: Affidavit of Facts and Truths," the contents of her filing are fairly characterized as ramblings regarding Ms. Behr's dissatisfaction with the American justice system and lawyers. There is some reference to her status as a debtor and a secured party creditor, but beyond this, the Court is unable to ascertain any factual allegations explaining how she was denied due process, equal protection, or was discriminated against in any way. Moreover, although she has named Aaron Behr as a defendant, there are no factual allegations in the complaint relating to any action taken by him.

Initially, the Court is "not required to accept summary allegations or unwarranted legal conclusions in determining

whether a complaint states a claim for relief." Fish v. Murphy, 22 Fed.Appx. at 482. Consequently, even affording Ms. Behr's filing the utmost liberal construction, and analyzing it under 42 U.S.C. §1983 based on her brief mention of constitutional principles, she does not set forth any federal claim. Section 1983 prohibits a state or local government official from depriving a person of his or her constitutional rights. Flagg Bros. v. Brooks, 436 U.S. 149, 155 (1978). In order to state a claim for relief under §1983, the defendant or defendants must be government officials or must otherwise have engaged in "state action." Ms. Behr, however, has named only Aaron Behr as a defendant. As noted above, her filing does not include any allegations directed to Mr. Behr, let alone allegations from which this Court could conclude that he engaged in any state action which would subject him to potential liability under §1983.

Further, although Mr. Behr's filing mentions the Richland County Court of Common Pleas, the Court does not read it as attempting to state a claim against that court. Moreover, to the extent the filing could be so construed, as a general rule, judges are entitled to absolute immunity from civil liability regardless of the consequences which follow from their judicial acts. "It is well-established that judges of courts of general jurisdiction are immune from liability for their judicial acts .... Except for acts in the 'clear absence' of jurisdiction, judicial immunity is absolute." Sparks v. Kentucky Character & Fitness Committee, 818 F.2d 541, 542 (6th Cir. 1987), vacated, 484 U.S. 1022, 108 S.Ct. 744, 98 L.Ed.2d 757 (1988), aff'd on reconsideration, 859 F.2d 428 (6th Cir.1988), citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1871); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); King v. Love, 766 F.2d 962 (6th Cir.), cert. denied 474 U.S. 971,

106 S.Ct. 351, 88 L.Ed.2d 320 (1985). To the extent that any claim may be directed to the common pleas court itself, a state court is not a "person" subject to suit under § 1983, Mumford v. Basinski, 105 F.3d 264, 268 (6th Cir. 1997), and enjoys Eleventh Amendment immunity from suit under §1983 in federal court. Foster v. Walsh, 864 F.2d 416 (6th Cir. 1988)(per curiam ).

Additionally, to the extent that Ms. Behr's filing mentions attorneys, there are no allegations from which the Court could conclude that she is attempting to state a claim against any specific attorney. Even assuming that is her intention, private attorneys are not considered to be state actors subject to liability under §1983. See, e.g., Border City Savings & Loan Association v. Kennecorp Mortgage and Equities, Inc., 523 F.Supp. 190, 193 (S.D. Ohio 1981).

Similarly, Ms. Behr makes no allegations to support a gender discrimination claim under federal law. For all of these reasons, although Ms. Behr gives brief mention to various federal law concepts, there is simply no federal-law based claim alleged here.

Absent a federal claim, the other possible basis for jurisdiction would be diversity of citizenship to the extent that Ms. Behr is attempting to assert any type of state law claim. The relevant diversity jurisdiction statute, 28 U.S.C. §1332(a), says that a federal court can exercise jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) citizens of different States ...." In order for a civil action to be "between ... citizens of different states" as that phrase is used in §1332(a)(1), all of the plaintiffs must be citizens of a state or states different from the state of citizenship of any of the defendants. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)("The current general-diversity

statute, permitting federal district court jurisdiction over suits for more than $50,000 [now $75,000] 'between ... citizens of different States,' 28 U.S.C. §1332(a)... applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant").  Aaron Behr would appear to be a citizen of the State of Ohio, as is Ms. Behr.  Consequently, the Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

"Where there is no basis for federal jurisdiction apparent on the face of the complaint, a court may dismiss the action as frivolous and for lack of subject matter jurisdiction under 28 U.S.C. §1915(e)(2)(B) and Fed.R.Civ.P. 12(h)(3)."  Young v. Scharf, 2007 WL 2123767 (S.D. Ohio July 20, 2007) at fn. 1 citing Carlock v. Williams, 182 F.3d 916 (table), 1999 WL 454880 at *2 (6th Cir. June 22, 1999).  However, such a dismissal is not a bar to refiling the action in state court.  Id.

### III.

For all of these reasons, the motion for leave to proceed *in forma pauperis* (#1) is granted.  Further, it is recommended that this case be dismissed as frivolous and for failure to state a claim under 28 U.S.C. §1915(e)(2).  Any state law claims should be dismissed without prejudice to refiling in state court.  It is further recommended that, should the suit be dismissed on this ground, a copy of the complaint, this Report and Recommendation and the dismissal order be mailed to the defendant.

### IV.

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp
United States Magistrate Judge